# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICKEY, | CASE NO. 1:03-CV-5006-REC-SMS-P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S RULE 56(F) MOTION AND REQUIRING PLAINTIFF TO FILE A RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHIN THIRTY DAYS |
| v. | |
| A. SKEELS, | |
| Defendant. | (Doc. 35) |

Plaintiff James Mickey ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding on plaintiff's amended complaint against defendant Skeels ("defendant"), a federal agent, for depriving him of his property without due process of law. On June 27, 2005, defendant filed a motion for summary judgment. On July 26, 2005, pursuant to Federal Rule of Civil Procedure 56(f), plaintiff filed a motion seeking to postpone his opposition to defendant's motion pending further discovery. Defendant filed an opposition on July 29, 2005.[1]

Rule 56(f) of the Federal Rules of Civil Procedure provides as follows:

> (f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or

///

---

[1] Defendant also moved for a protective order shielding her from further discovery. However, that motion has not yet been deemed submitted. Local Rule 78-230(m).

1

depositions to be taken or discovery to be had or may make such other order as is just.

The Ninth Circuit has explained that in order to prevail on a Rule 56(f) motion, the party "must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." State of California v. Campbell, 138 F.2d 772, 779 (9th Cir. 1998). "In making a Rule 56(f) motion, a party opposing summary judgment 'must make clear what information is sought and how it would preclude summary judgment.'" Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998) (quoting Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1987)). The burden is on the party seeking to conduct additional discovery to put forth sufficient facts to show that the evidence sought exists. Volk v. D. A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir. 1987).

Plaintiff has not met his burden as the party moving for relief from responding to defendant's motion pending further discovery. Plaintiff's desire to discover information that may lead him to move for leave of court to amend his complaint does not provide a basis to avoid opposing defendant's pending motion for summary judgment. Further, plaintiff's conclusory assertion that he is in the middle of discovery is insufficient to support a Rule 56(f) motion.

Accordingly, plaintiff's Rule 56(f) motion, filed July 26, 2005, is HEREBY DENIED, and plaintiff is required to file a response to defendant's motion for summary judgment within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:   August 16, 2005**           /s/ Sandra M. Snyder
icido3                         UNITED STATES MAGISTRATE JUDGE