UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MICKEY, | CASE NO. 1:03-CV-5006-REC-SMS-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION |
| v. | FOR SUMMARY JUDGMENT BE GRANTED |
| A. SKEELS, | (Docs. 32 and 33) |
| Defendant. | |

I.  Defendant's Motion for Summary Judgment

   A.  Procedural History

Plaintiff James Mickey ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. This action is proceeding on plaintiff's amended complaint, filed August 21, 2003, against defendant Skeels ("defendant"), a federal agent, for depriving him of his property without due process of law. (Doc. 20, 21, 23.)

On June 27, 2005, defendant filed a motion to dismiss or, in the alternative, for summary judgment. (Docs. 32, 33.) Plaintiff filed an opposition on October 27, 2005.[1] (Doc. 23.) Defendant did not reply.

///

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the court in an order filed on November 24, 2004. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (Doc. 27.)

1

B.     Legal Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

///

return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

C.  Discussion

1.  Timing of Motion and Further Discovery

In his opposition to defendant's motion for summary judgment, plaintiff contends that he did not have an opportunity to oppose defendant's motion for a protective order from further discovery, that he needs further discovery, and that he was going to amend his complaint pursuant to the court's

///

scheduling order. Plaintiff's objections concerning the propriety of defendant's motion for summary judgment are without merit.

With respect to defendant's motion for a protective order precluding plaintiff from conducting further discovery pending resolution of their motion, the motion was filed on July 29, 2005, after defendant filed the instant motion to dismiss or for summary judgment. (Doc. 36.) Plaintiff did not oppose the motion and it was deemed submitted under Local Rule 78-230(m). The court subsequently granted the motion. (Doc. 41.) In an order filed prior to the submission of the motion, the court specifically noted that the motion was pending but was not yet deemed submitted. (Doc. 39, footnote 1.) Plaintiff was not disallowed from opposing the motion. Rather, the time within which to respond to the motion expired without a response from plaintiff and the court thereafter resolved the motion. Local Rule 78-230(m).

With respect to further discovery, a Rule 56(f) motion is the appropriate vehicle by which to seek relief from a pending motion for summary judgment if further discovery is needed to oppose the motion. Fed. R. Civ. P. 56(f). Plaintiff filed such a motion on July 26, 2005, and it was denied by the court on August 16, 2005. (Docs. 35, 39.) Plaintiff was provided with the standard he needed to meet as the moving party and was directed to file a response to defendant's motion within thirty days. (Doc. 39.) Plaintiff did not renew his Rule 56(f) motion, but instead sought an extension of time to oppose the motion, which was granted. (Docs. 40, 42.)

As set forth in plaintiff's July 26 Rule 56(f) motion and plaintiff's opposition, plaintiff desires further discovery because he would like to amend his pleading at some juncture. As set forth by the court in its order of August 16, this does not provide a basis upon which to avoid responding to defendant's motion. Pursuant to the scheduling order, the deadline to amend pleadings was set for November 10, 2005. (Doc. 31.) The existence of a deadline by which to amend pleadings is not an entitlement to avoid dispositive motions until after the deadline. Plaintiff was provided with the opportunity to amend by the court but plaintiff chose to proceed with his amended complaint. (Docs. 16, 18, 19.) The amended complaint was subsequently served and defendant filed an answer. In order for plaintiff to amend, he would need to file a motion seeking leave to amend along with a proposed second amended complaint. Fed. R. Civ. P. 15(a); Local Rule 15-220. Plaintiff at no time

4

did so, and cannot avoid responding to a pending dispositive motion based on a desire to amend in the future. More to the point, this action is proceeding on plaintiff's claim that defendant deprived him of his property without due process of law. Neither discovery nor a deadline by which to amend pleadings is designed to allow plaintiff to avoid a dispositive motion directed at the pending claim in order to conduct research into new and different theories of claims.

2.  Undisputed Facts

1. Defendant is a Special Agent of the Federal Bureau of Investigation (FBI), whose duties include investigating criminal gang activity in the California prison system.
2. On September 1, 2001, defendant and other law enforcement officers conducted searches of three cells at Corcoran State Prison, including plaintiff's, in connection with a federal criminal investigation into gang activity by the Aryan Brotherhood and an indictment of certain Corcoran inmates that had recently issued from a federal grand jury in United States v. Pendleton, et al., Criminal Action No. 01-CR-319 (N.D. Cal.).
3. After potential evidence was culled from the items seized from plaintiff's cell, the remaining property was returned by the California Department of Corrections (CDC) staff.[2]
4. The boxes containing potential evidence were retained by CDC and placed in an evidence storage location for subsequent review by the search team.
5. On October 4, 2001, defendant and other law enforcement personnel reviewed the items confiscated on September 1, 2001, and defendant took custody of items deemed to have evidentiary value in the criminal investigation, including gang documentation and code documents.[3]

///
///

---

[2] Although plaintiff attempts to dispute this fact by stating that he did not get any property back until after October 4, 2001, plaintiff's objection is misplaced. The fact does not make the representation that CDC returned any of plaintiff's property prior to October 4, 2001.

[3] Plaintiff's objection to this fact on the basis that he disputes whether or not the items had evidentiary value is without merit. The fact represents that the items retained were deemed by defendant to have evidentiary value and retained for that reason. Plaintiff's disagreement with the defendant's decision does not bring the fact into dispute.

5

6.  Defendant left an FBI receipt (Form FD-597) for the items taken, which CDC was to deliver to the inmates.[4]

7.  In 2003, most of the indicted defendants in <u>Pendleton</u> pled guilty and were sentenced in federal court.

8.  The items seized from plaintiff's cell are still being retained because they continue to have value for the prosecution of criminal gang activity.

9.  On August 28, 2002, forty members and associates of the Aryan Brotherhood were indicted in a multi-count Racketeer Influenced and Corrupt Organizations case, <u>United States v. Mills, et al.</u>, Criminal Action No. 02-CR-938-3 (C.D. Cal.).

10. Because the prosecutions are still ongoing, the items seized from plaintiff's cell may still have prosecution value.[5]

### 3. Due Process Claim

In his amended complaint, plaintiff alleges that on September 29, 2001, defendant Skeels initiated a warrantless search of plaintiff's prison cell. Plaintiff alleges that defendant Skeels deprived him of his property without due process. Plaintiff alleges that he received some of his property back two weeks later, but much of his property was not returned, including legal material, legal books, dictionaries, and personal pictures. Plaintiff also alleges that defendant Skeels broke plaintiff's television.

Defendant submits evidence that plaintiff's cell was searched by FBI agents on September 1, 2001, in conjunction with a federal criminal investigation into gang activity by the Aryan Brotherhood and indictments of certain inmates that had been recently been issued by a grand jury. (Undisputed Fact 2.) After potential evidence was culled from plaintiff's seized property, the boxes containing potential evidence were retained in an evidence storage location. (U.F. 3, 4.) Defendant subsequently took custody of certain items deemed to have evidentiary value in the criminal

---

[4] Plaintiff's objects to this fact on the basis that the other prisoners were transferred from the CDC and that some items listed were not returned. Neither of these statements brings the fact into dispute.

[5] Plaintiff purports to dispute this fact. However, plaintiff's disagreement with the government's decision that the retained items may have evidentiary value does not bring this fact into dispute.

6

investigation and left a receipt. (U.F. 5, 6.)  The items seized from plaintiff's cell are still being retained because they may have value for the ongoing prosecutions of gang activity. (U.F. 8, 10.)

The court finds that defendant has met her initial burden of informing the court of the basis for her motion, and identifying those portions of the record which she believes demonstrate the absence of a genuine issue of material fact.  The burden therefore shifts to plaintiff to establish that a genuine issue as to any material fact actually does exist.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  As stated above, in attempting to establish the existence of this factual dispute, plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973).

Plaintiff has submitted no evidence that brings into dispute defendant's evidence that the property was seized during a cell search conducted pursuant to a criminal investigation and that the items have not been returned because in the opinion of law enforcement officials, they continue to have value in ongoing criminal prosecutions of gang activity.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a [government] employee does not constitute a violation of the procedural requirements of the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available."  Hudson, 468 U.S. at 533; Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991) ("Although *Hudson* involved § 1983 and the Fourteenth Amendment, the same due process principles apply to the federal government through the Fifth Amendment.).  An authorized deprivation is one carried out pursuant to established government procedures, regulations, or statutes.

///

1  Logan v. Zimmerman Brush Co., 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir.
2  1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).
3        Based on the federal notice pleading standard set forth in Federal Rule of Civil Procedure
4  8(a), the court allowed plaintiff's claim to proceed, as it could not say it was clear that no relief could
5  be granted under any set of facts that could be proved consistent with the allegations. Swierkiewicz
6  v. Sorema N. A., 534 U.S. 506, 514 (2002). In screening pursuant to 28 U.S.C. § 1915A or resolving
7  a motion to dismiss for failure to state a claim, "'[t]he issue is not whether a plaintiff will ultimately
8  prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may
9  appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
10 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
11 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
12 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
13 F.3d 871, 977 (9th Cir. 2001)).
14       Now with the benefit of the submission of evidence in this case, it is clear that the deprivation
15 at issue was not "authorized" within the meaning of procedural due process jurisprudence.  The
16 argument that because a government agent "who intends to deprive a person of his property can
17 provide predeprivation process, then as a matter of due process he must do so" has been considered
18 and rejected. Hudson, 468 U.S. at 534. "The controlling inquiry is *solely* whether the [government]
19 is in a position to provide for predeprivation process." Id. (emphasis added).
20       In this instance, the answer is unequivocally no. The deprivation was not conducted pursuant
21 to established governmental procedures, regulations, or statutes.  Rather, the confiscation and
22 retention of plaintiff's property was conducted pursuant to a cell search and property seizure in the
23 course of a criminal investigation. The suggestion that the Due Process Clause would mandate that
24 government officials notify plaintiff ahead of time that they planned to sweep his cell and cull any
25 of his property they deemed necessary for the investigation and prosecution of criminal conduct, and
26 then provide him with a predeprivation opportunity to be heard is simply untenable.  There were
27 adequate postdeprivation remedies available to plaintiff and therefore, the conduct complained does
28 ///

not violate the procedural requirements of the Due Process Clause.  Defendant is entitled to judgment as a matter of law on plaintiff's due process claim against her.

        D.     Conclusion

The court finds that defendant Skeels is entitled to judgment as a matter of law on plaintiff's procedural due process claim against her.  Because of this finding, it is unnecessary to reach defendant's argument that she is entitled to qualified immunity or that she is entitled to dismissal of this action for failure to state a claim.  The court does not reach defendant's argument concerning substantive due process because this action is proceeding on a procedural due process claim.  (Doc. 21; see also Docs. 11, 16.)  Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that defendant's motion for summary judgment, filed June 27, 2005, be GRANTED, thus concluding this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 22, 2005**            /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE